NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2014[*]
Decided September 23, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-1191

| | |
|---|---|
| JAMIE F. DE JESUS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | No. 2:12-cv-00306 |
| DAX C. ODOM, et al., | Aaron E. Goodstein, |
| *Defendants-Appellees.* | *Magistrate Judge.* |

**O R D E R**

Jamie De Jesus, a Wisconsin prisoner, appeals the grant of summary judgment in this suit under 42 U.S.C. § 1983 asserting that prison officials and a state prosecutor violated his constitutional rights while he was a pretrial detainee in the county jail. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

This case arises out of De Jesus's detention while he was awaiting trial in Milwaukee County on charges of domestic abuse, false imprisonment, and battery. Assistant District Attorney Dax Odom learned that De Jesus was pressuring his ex-girlfriend, the victim witness, not to testify against him at trial. Odom filed a motion in the Milwaukee County Circuit Court to rescind De Jesus's telephone, mail, and visitation privileges at the jail; Odom also told jail Lieutenant Mary Cook that he was seeking these court-imposed restrictions. Lieutenant Cook in turn informed the jail's captain that De Jesus was attempting to dissuade a witness from testifying, and the captain directed that De Jesus be moved into segregation where jail officials could monitor his telephone communications (and ensure the identity of any call recipient). De Jesus was confined in segregation and denied telephone, visitation, and mail privileges. When no order from the state court was forthcoming after nine days, the captain returned De Jesus to the general prison population, where he remained for two weeks. During this time De Jesus submitted grievances complaining that he was unfairly denied visits and phone calls with his family while in segregation.

After two weeks the state court issued an order rescinding De Jesus's telephone, mail, and visitation privileges, and De Jesus was moved back to segregation. On De Jesus's first night back in segregation, he received a rules citation for using obscene language, participating in a disruption that required the response of a K-9 unit, committing an act that disrupted the orderly operation of the jail, and disobeying staff orders. The events leading up to the citation are in dispute. De Jesus maintains that he suffered a "psychotic break" and violated no rules, and that Lieutenant Bacon wrote him a rules citation anyway. The reporting officer, Mark Gensler, asserts in an affidavit that he wrote the rule citation. According to Gensler's affidavit (and in the accompanying rule citation), De Jesus was aggressive, excessively noisy, and belligerent, and threatened to fight staff and the K-9 unit. Gensler asserted that he called for backup and Lieutenant Gregory Bacon and members of the jail's K-9 team arrived to help him subdue De Jesus and evacuate the inmates in segregation. Bacon stated in his affidavit that a supervisor usually signs a rule citation, but he did not because he was taken to the hospital by paramedics after the evacuation.

A few months later De Jesus pleaded guilty to the charges of battery and false imprisonment and the judge restored his communication privileges. He was transferred from the Milwaukee County jail to the Racine Correctional Institution.

In spring 2012 De Jesus sued Assistant District Attorney Odom and Lieutenant Cook for violating his due-process right to a predeprivation hearing because, he says, they did not obtain a court order before placing him in segregation with no mail, phone, or visitation privileges. He also sued then-Lieutenant (now Captain) Bacon for violating his First Amendment rights because, he says, Bacon issued him a rules citation in retaliation for grievances he filed against staff about his lack of communication privileges while in segregation.

The defendants moved for summary judgment, denying any personal responsibility for any violation. The defendants argued that the jail's captain—not Odom or Cook—authorized De Jesus's stay in segregation and restricted communication privileges. They also argued that Captain Bacon did not prepare the rules citation and so was not responsible for violating De Jesus's rights.

The district court granted the defendants' motions for summary judgment. The court first determined that placing De Jesus, a pretrial detainee, in segregation did not violate due process because the placement was reasonably related to a legitimate administrative purpose—to prevent the obstruction of justice—and so was not a punitive decision (pretrial detainees have not been convicted, so they may not be punished by the state in any way). The court added that the decision to segregate De Jesus, whether made by Lieutenant Cook or the jail captain, was entitled to deference because prison officials are best situated to decide how to maintain internal jail order and security. Next the court concluded that Odom was entitled to summary judgment because the undisputed evidence established that he did not make any decisions concerning De Jesus's segregation. Finally, the court granted summary judgment to Bacon because there was no evidence of his personal involvement in any disciplinary rulings that De Jesus believed were made in retaliation for filing his grievances.

On appeal De Jesus argues that the district court erred when it characterized his placement in segregation under restricted communication privileges as an administrative decision rather than per se punishment. But the district court properly concluded, based on the undisputed evidence, that there was no due-process violation because the segregation and restricted communication privileges were related to the legitimate, nonpunitive purpose of preventing De Jesus from obstructing justice and suborning perjury. Restrictions like segregation are not punishment when imposed because of a legitimate governmental objective. *See Bell v. Wolfish*, 441 U.S. 520, 538–39 (1979); *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). The undisputed

evidence—which includes affidavits from Lieutenant Cook and the jail captain—show that managerial reasons motivated both De Jesus's placement in segregation and the restrictions on his communication privileges. These reasons—preventing both obstruction of justice and suborning perjury—are administrative and nonpunitive and thus do not violate due process. *See Bell*, 441 U.S. at 561; *Higgs*, 286 F.3d at 438.

De Jesus next argues that summary judgment for Odom was improper because, he believes, there is evidence—Cook's affidavit—that Odom was personally involved in placing him in segregation. But this argument mischaracterizes Cook's affidavit. The affidavit says not that Odom *directed* jail officials to place De Jesus in segregation but that Odom *informed* jail officials that De Jesus was intimidating a victim witness. De Jesus has not identified any other evidence reflecting that Odom played any role in the placement decision.

De Jesus finally challenges the district court's determination that the undisputed evidence showed that Bacon did not retaliate against him for filing grievances. He argues that a retaliatory motive can be inferred from Bacon's inconsistent responses in his affidavit and interrogatories: in his affidavit Bacon states that he did not write a rules citation, and in his interrogatory response, Bacon says that he does not remember being involved in a rules citation. These inconsistencies, De Jesus says, show that Bacon remembers the citation and was involved in writing it. But the district court properly rejected De Jesus's assertions about Bacon's involvement as "conjecture." As the court explained, De Jesus failed to rebut Bacon's statements that he was not involved in the rules citation and did not know De Jesus until he responded to Officer Gensler's call for help. Because § 1983 requires a showing of personal involvement, *see Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010); *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009), the absence of evidence showing Bacon's personal involvement dooms his claim.

AFFIRMED.